IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**MARSHALL E. GRIFFITH,**

      **Plaintiff,**

**v.**                                                                                                            **No. CV 12-0107 JB/LAM**

**JOHN BLANSETT, et al.,**

      **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

**THIS MATTER** is before the Court on Defendants' Motion to Dismiss [*Doc. 10*], filed February 25, 2012. Plaintiff, who is proceeding *pro se*, filed what appears to be a response to the motion to dismiss on March 2, 2012 [*Doc. 13*], as well as several letters and affidavits in support of his claims [*Docs. 15* and *20-26*]. Defendants filed a Notice of Completion of Briefing on March 7, 2012. [*Doc. 14*]. On March 14, 2012, United States District Judge James O. Browning referred the claims raised in the Complaint to the undersigned for proposed findings and a recommended disposition, and a hearing, if necessary. [*Doc. 19*]. Having considered the parties' submissions, relevant law, and the record in this case, the undersigned recommends, for the reasons set forth below, that Defendant's Motion to Dismiss be **GRANTED**, this case be **DISMISSED with prejudice**, and all other motions in this case be **DENIED as moot**.

---

[1] **Within fourteen (14) days after a party is served with a copy of these Proposed Findings and Recommended Disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections with the Clerk of the United States District Court for the District of New Mexico within the fourteen (14) day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed. Pursuant to Fed. R. Civ. P. 72(b)(2), a party may respond to another party's objections within fourteen (14) days after being served with a copy of the objections.**

### I. Factual Background

In his Complaint, Plaintiff alleges that his constitutional rights were violated because Defendants failed to investigate a fire at his home, which Plaintiff alleges may have been caused by his neighbors. [*Doc. 1* at 6]. In support of his claim, Plaintiff states that the Otero County Sheriff's office failed to prepare police reports and failed to interview witnesses or potential suspects. *Id.* at 6-7. Plaintiff asks for one million, seven hundred thousand dollars ($1,700,000.00) in punitive damages. *Id.* at 9.

Defendants move to dismiss Plaintiff's claim pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim for relief. [*Doc. 10* at 1]. Defendants state that Plaintiff's claim is barred by the applicable statute of limitations and does not establish liability under 42 U.S.C. § 1983. *Id.* at 2-4.

### II. Standard of Review

The Court can dismiss an action for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In ruling on a motion to dismiss, the Court assumes the truth of the factual allegations and asks whether the plaintiff is plausibly entitled to relief. *See Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191-92 (10th Cir. 2009). While the complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations omitted). The question is whether, if the allegations are true, it is plausible, and not merely possible, that the plaintiff is entitled to relief under the relevant law. *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008). Conclusory

allegations are not enough to withstand a motion to dismiss pursuant to Rule 12(b)(6).  *See Iqbal*, 129 S.Ct. at 1949.

"Pro se pleadings are to be construed liberally."  *Sines v. Wilner*, 609 F.3d 1070, 1074 (10th Cir. 2010) (citation omitted).  Despite liberal construction of a *pro se* litigant's pleadings, however, courts cannot "assume the role of advocate" for him.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted); *see also Northington v. Jackson*, 973 F.2d 1518, 1520–21 (10th Cir. 1992) (citation omitted).  Courts "are not required to fashion Defendant's arguments for him where his allegations are merely conclusory . . . and without supporting fact[s]."  *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (citation omitted).  "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based."  *Hall*, 935 F.2d at 1110 (citations omitted).  Because Petitioner is a *pro se* litigant, the Court construes his allegations in his petition liberally.

### III.  Analysis

#### A.  Statute of Limitations

In § 1983 actions, "state law determines the appropriate statute of limitations and accompanying tolling provisions."  *Fratus v. Deland*, 49 F.3d 673, 675 (10th Cir. 1995) (citation omitted).  The statute of limitations within which to bring a claim for § 1983 violations in New Mexico is three years.  *Mondragon v. Thompson*, 519 F.3d 1078, 1081 (10th Cir. 2008).  Plaintiff states in his response that under 18 U.S.C. § 242, the statute of limitations is seven years.  [*Doc. 13* at 1].[2]  That statute, however, is a criminal statute, and cannot be used to bring civil claims.  *See* Title 18 ("Crimes and Criminal Procedure").

---

[2]The Court notes that the statute of limitations for 18 U.S.C. § 242 is five years for non-capital cases, pursuant to 18 U.S.C. § 3282(a).

While state law supplies the statute of limitations for claims under § 1983, federal law "determines the date on which the claim accrues and the limitations period starts to run." *Mondragon*, 519 F.3d at 1082 (citing *Wallace v. Kato*, 549 U.S. 384, 388 (2007)). A § 1983 action "accrues when facts that would support a cause of action are or should be apparent." *Fratus*, 49 F.3d at 675 (citations and internal quotation marks omitted). "In general, under the federal discovery rule, claims accrue and the statute of limitations begins to run when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action." *Alexander v. Okla.*, 382 F.3d 1206, 1215 (10th Cir. 2004) (citation and internal quotation marks omitted). In determining when a cause of action accrues, the Tenth Circuit focuses on "whether the plaintiff knew of facts that would put a reasonable person on notice that wrongful conduct caused the harm. . . . In this context, a plaintiff must use reasonable diligence in seeking to discover facts giving rise to a claim for relief." *Id.* at 1216 (citations omitted).

In this case, Plaintiff states that in May 2008, he met with Defendant Sanchez and asked him why he did not conduct a criminal investigation into the fire at Plaintiff's residence. [*Doc. 1* at 7]. Plaintiff states that Defendant Sanchez admitted dropping the ball regarding the investigation, and that he was unaware of any dispute involving Plaintiff and Plaintiff's neighbors. Plaintiff, therefore, was on notice of the facts he alleges give rise to his claim for relief as of May 2008, which was more than three years prior to the date Plaintiff filed his Complaint on February 2, 2012. Further, it would be futile to permit Plaintiff to amend his complaint to add more facts "because amendment will not change the fact that the statute of limitations bars [his] § 1983 claim" against Defendants. *See Mercer-Smith v. N. M. Children, Youth & Families Dept.*, No. 10–2053, 416 Fed. Appx. 704, 713, 2011 WL 971132 (10th Cir. March 21, 2011) (unpublished) (explaining that, because the plaintiff knew of the defendants' alleged unlawful actions as of a certain date, adding allegations "cannot

cure this statute-of-limitations defect"). Accordingly, the Court recommends that Defendants' motion to dismiss be granted.

### B. *Failure to State a Claim*

In addition, even if Plaintiff's claim is not barred by the statute of limitations, the Court finds that Plaintiff fails to state a claim upon which relief can be granted. In order to succeed on a § 1983 claim, a plaintiff must prove two elements: (1) that he was deprived of a right secured by the Constitution and laws of the United States, and (2) that the defendant was acting under color of state law. *See, e.g., Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence, Kan.*, 927 F.2d 1111, 1115 (10th Cir. 1991) (citation omitted). Plaintiff's allegations do not satisfy the first requirement because he does not allege that he was deprived of a right secured by the Constitution or federal law. Plaintiff's claim is that Defendants failed to conduct a thorough and prompt criminal investigation into whether his neighbors set fire to his residence. However, it is well established that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Doyle v. Oklahoma Bar Ass'n*, 998 F.2d 1559, 1566-67 (10th Cir.1993) (noting that a plaintiff has no federal right to the prosecution of another), and *Fleury v. Jefferson County Sheriff's Dept.*, Civil Action No. 10-cv-01423-BNB, 2010 WL 3720415 at *1 (D. Colo. Sept. 15, 2010) (unpublished) (dismissing claim as legally frivolous under § 1983 for failing to investigate, arrest and prosecute another citizen). This is because "it would be contrary to public policy to allow every private citizen to force the prosecutor to proceed with a case in pursuit of a private objective." *Doyle*, 998 F.2d at 1567. Therefore, the Court finds that Plaintiff has failed to state a claim under § 1983 and his complaint must be dismissed.

**RECOMMENDED DISPOSITION**

For the foregoing reasons, the Court recommends that Defendant's Motion to Dismiss be **GRANTED**, this case be **DISMISSED with prejudice**, and all other motions in this case be **DENIED as moot**.

_____
**HONORABLE LOURDES A. MÁRTÍNEZ**
**United States Magistrate Judge**